# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| GENE LATREACE MANGUM, ) | |
| ) | Civil Action No. 04-40137-PBS |
| Pro se Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## RESPONDENT'S MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Petitioner Gene Latreace Mangum, an inmate at the Federal Medical Center at Devens, Massachusetts ("FMC Devens"), has filed a motion for a writ of habeas corpus, pursuant to 28 U.S.C. §§ 2241, 2244. Petitioner seeks an order permitting him to serve the remainder of his sentence in home confinement so that he can actively search for a donor kidney. See Motion for a Certificate of Habeas Corpus to Issue Pursuant to 28 U.S.C. § 2241, 2244 ("Petition") at 3. Petitioner also alleges that his counsel was ineffective at sentencing for failure to argue that he was entitled to a downward departure on account of his medical condition pursuant to U.S.S.G. 5h1.4. Id. 10-11.

Petitioner's motion suffers from numerous procedural and substantive defects, and should be dismissed. First, petitioner's request that this Court issue an order permitting him to serve the remainder of his sentence in home confinement so that he can search for a donor kidney relates to the *conditions* of his confinement, rather than the fact or duration of his confinement, and therefore is not the proper subject of a habeas petition or motion.

Second, even if this Court were to treat petitioner's claim that he be allowed to serve the remainder of his sentence in home confinement as a civil rights claim, that claim must nonetheless be dismissed because: (a) petitioner has failed to allege that officials at FMC Devens (or the Bureau of Prisons more generally) violated his constitutional or statutory rights, as he must to maintain an action under Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971); (b) petitioner failed to file a properly documented appeal to the General Counsel of the Bureau of Prisons, and therefore has failed to exhaust administrative remedies as provided for by 28 C.F.R. § 542.10, *et seq.*, and mandated by the Prison Litigation Reform Act; and (c) only the Bureau of Prisons is vested with discretion to consider whether petitioner shall be placed in home confinement.  In the alternative, if this Court were to construe petitioner's motion as raising a constitutional claim, respondent is entitled to summary judgment on that claim because petitioner has received competent, professional, and able medical treatment and care at FMC Devens, which falls well short of amounting to deliberate indifference as required to establish a violation of the Eighth Amendment.

Finally, petitioner's claim that his counsel was ineffective at sentencing must be dismissed because it is not the proper subject of a § 2241 petition or civil rights claim.  Rather, such a claim must be brought pursuant to 28 U.S.C. § 2255, and in the district in which petitioner was sentenced.

## BACKGROUND

Petitioner was convicted in the United States District Court for the Middle District of North Carolina (the Hon. James A. Beaty), pursuant to a guilty plea, for possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  See United States v.

Mangum, 238 F.3d 416 , 2000 WL 1867943 (4th Cir. 2000) (Mem.).  On December 21, 2000, a

unanimous panel of the United States Court of Appeals for the Fourth Circuit affirmed

petitioner's conviction in an unpublished opinion.  Id.

On or about January 22, 2002, petitioner filed what he styled as a "Motion for Downward

Departure and Placement of the Defendant on Home Confinement Due to His Medical

Condition" in the Middle District of North Carolina.  See Declaration of Mark T. Quinlivan

("Quinlivan Decl."), Exhibit 1.  Petitioner contended, *inter alia*, that his counsel was ineffective

at sentencing by not raising the issue of his medical condition, and that "[t]he only way the

defendant can save his life is to receive a Kidney Transplant.  But he must return to his home

state of North Carolina to apply for a transplant and be able to be on the transplant donors [sic]

list."  Id., Exhibit 1, at 1.

On February 18, 2003, Judge Beaty denied petitioner's motion.  See Order, United States

v. Mangum, No. 1:99CR356-1, slip op. at 1-2 (M.D.N.C. Feb. 18, 2003) (attached as Exhibit 2 to

Quinlivan Decl.).  In pertinent part, Judge Beaty found that petitioner had requested post-

conviction relief well after his sentencing on June 8, 2000, and subsequent to the Fourth Circuit's

affirmance of petitioner's conviction, and that petitioner had failed to cite any authority that

would give the court jurisdiction to grant the post-conviction relief requested.  Id. slip op. at 1.

Judge Beaty allowed, however, that the denial of the petitioner's request for a downward

departure would have no affect upon any subject motion for habeas corpus relief brought by

petitioner pursuant to 28 U.S.C. § 2255.  Id. at 2 n.1.

On or about May 26, 2004, petitioner filed what he styled as a "Motion for a Certificate

of Habeas Corpus to Issue Pursuant to 28 U.S.C. 2241, 2244" in the Middle District of North

Carolina.  <u>See</u> Quinlivan Decl., Exhibit 3.  The body of the motion is nearly identical, if not on all fours, with the body of the motion filed in this Court.  <u>Id</u>.  As in this Court, petitioner sought an order releasing him to home confinement so that he could attempt to obtain a kidney transplant and, as in this Court.  <u>Id</u>. at 3.  As in this Court, petitioner also claimed that his counsel was ineffective at sentencing for failure to argue that he was entitled to a downward departure pursuant to U.S.S.G. 5h1.4.  <u>Id</u>. at 10-11.

On May 26, 2004, U.S. Magistrate Judge Russell A. Eliason issued an Order and Recommendation that petitioner's motion be denied, and the action dismissed.  <u>See</u> Order and Recommendation of United States Magistrate Judge, <u>United States</u> v. <u>Mangum</u>, No. 1:04CV00471, slip op. at 1-2 (M.D.N.C. May 26, 2004) (attached as Exhibit 4 to Quinlivan Decl.).  Magistrate Judge Eliason found, *inter alia*, that the court had no jurisdiction to consider petitioner's motion for habeas relief, insofar as motions brought pursuant to § 2241 must be filed in the district where the prisoner is incarcerated.  <u>Id</u>. slip op. at 1.

On July 7, 2004, Judge Beaty entered a order of Judgment in which, in the absence of a timely objection, he adopted the Magistrate Judge's Recommendation, denied petitioner's motion, and dismissed the action.  <u>See</u> <u>United States</u> v. <u>Mangum</u>, No. 1:04CV00471, slip op. at 1 (M.D.N.C. July 7, 2004) (attached as Exhibit 5 to Quinlivan Decl.).  Judge Beaty further denied a certificate of appealability, finding no substantial issue for appeal concerning the denial of a constitutional right affecting petitioner's conviction, nor a debatable procedural ruling.  <u>Id</u>.

On July 13, 2004, petitioner filed the instant "Motion for a Certificate of Habeas Corpus to Issue Pursuant to 28 U.S.C. § 2241, 2244" in this Court.  Petitioner contends that he suffers from a terminal illness that is untreatable at FMC Devens insofar as a prompt kidney transplant is

-4-

not available to him while incarcerated.  <u>See</u> Petition at 3.  Petitioner alleges that he is

undergoing peritoneal dialysis, that he has twice suffered from peritonitis, and that he currently

suffers from infections in his last remaining site. <u>Id</u>. at 5.   Petitioner alleges that he has only one

access site available, and unless he has a transplant he will die an unpleasant and painful death.

<u>Id</u>.  He also contends that the policy of the Bureau of Prisons regarding organ transplantation

does not provide one with organs and/or obligates one to wait until the end of the site circuit

before placing an individual on an organ list. <u>Id</u>. at 7.  Finally, petitioner contends that his

counsel was ineffective at sentencing for failure to argue that he was entitled to a downward

departure on account of his medical condition pursuant to U.S.S.G. 5h1.4.  <u>Id</u>. 10-11.

<u>**ARGUMENT**</u>

I.      **A CLAIM OF INADEQUATE MEDICAL TREATMENT WHILE IN
        CUSTODY IS NOT THE PROPER SUBJECT OF A HABEAS PETITION**

Petitioner's first claim for relief, which he styles as "Argument I," is that this Court issue

an order permitting him to serve the remainder of his sentence in home confinement "so that he

can actively search for a donor kidney in order to sustain his life."  Petition at 11.  Petitioner

alleges that "he suffers from a terminal illness that is untreatable at the Federal Medical Center at

Devens in that a prompt transplant is not available to him while incarcerated."  <u>Id</u>. at 3.

Specifically, petitioner alleges that he suffers from the total loss of kidney function, requiring

dialysis seven days a week; that his last access site for dialysis should be expended within one

year; and that, although he has been placed on a donor list by FMC Devens, the length of time for

a prison inmate to receive a donor kidney is "far longer" than for those individuals who are not

incarcerated.  <u>Id</u>. at 2.

Petitioner's claim should be dismissed because a claim of inadequate medical treatment while in legal custody is not the proper subject of a habeas claim. "It is a well-settled general principle that a habeas petition is the appropriate means challenging the 'actual fact or duration' of one's confinement, whereas a civil rights claim is the proper means to challenge the 'conditions of one's confinement.'" Kamara v. Farquharson, 2 F. Supp.2d 81, 89 (D. Mass. 1998). As the Supreme Court recently explained, "where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence," such a claim "fall[s] within the 'core' of habeas corpus and thus are not cognizable when brought pursuant to [42 U.S.C.] § 1983. By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance." Nelson v. Campbell, 124 S. Ct. 2117, 2121 (2004) (internal citations omitted).

Hence, "[f]or most conditions of confinement claims, * * * and particularly for those involving inadequate medical treatment, courts usually hold that habeas relief is not available." Kane v. Winn, 319 F. Supp.2d 162, 215 (D. Mass. 2004) (citing cases). That is so, this Court has explained, because "'if [the petitioner is seeking] a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights laws * * *.'" Kamara, 2 F. Supp.2d at 89 (quoting Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991)). Thus, "a claim of inadequate medical treatment while in legal custody is ordinarily brought as a civil rights suit for damages or injunctive relief * * * on a Bivens theory where the defendants are federal actors." Id. (internal citation omitted).

-6-

Petitioner's claim that he suffers from a terminal illness that is "untreatable" at FMC

Devens thus is a challenge to the conditions of his confinement, not the fact or duration of his

confinement, and therefore does not form the basis of a habeas corpus action.  Nor does

petitioner's request that he be transferred to home confinement alter this conclusion.  See id.

("That Kamara's petition seeks the relief of a transfer to another facility does not transform what

is at heart a conditions-of-confinement basis for his constitutional challenge.").  This Court

therefore should dismiss petitioner's first claim for relief in which seeks home confinement.[1]

We note that, although petitioner's first claim for relief is properly the subject of

dismissal, at least one court in this district has recently held that, in such circumstances, courts

should treat the habeas petition as if it were filed as a civil rights action in lieu of outright

dismissal.  See Kane, 319 F. Supp.2d at 215-17.  In Kamara, by contrast, this Court dismissed a

habeas petition involving a conditions-of-confinement claim, but did so without prejudice to the

filing of a due process or Eighth Amendment claim of deliberate indifference to medical needs.

See 2 F. Supp.2d at 89.  We believe that this is the better approach.  Requiring petitioner to file a

new action in which he specifically alleges a due process or Eighth Amendment claim of

deliberate indifference to medical needs -- which, as we demonstrate infra Part II.A., he has not

---

[1]  Even if petitioner were to maintain this action under § 2241, it would nonetheless be subject to dismissal because the United States of America is the only respondent.  It is settled that the only proper respondent in a § 2241 action is that person who has custody of petitioner, see 28 U.S.C. §§ 2242, 2243, in this case FMC Warden David Winn.  See Vazquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000), cert. denied, 534 U.S. 816 (2001); Johnson v. Federal Bureau of Prisons, No. Civ. A. 02-10179-RWZ, 2002 WL 31414266, * 1 (D. Mass. Oct. 25, 2002) (in § 2241 habeas case, dismissing all other parties as respondents except for Warden David Winn of FMC Devens).

done in the instant petition -- puts both respondent and this Court on notice as to the precise claims that are being made and the precise actions or omissions of which petitioner complains.

## II.    EVEN IF CONSTRUED AS A <u>BIVENS</u> ACTION, PETITIONER'S FIRST CLAIM FOR RELIEF MUST BE DISMISSED

Even if this Court were to treat petitioner's claim of inadequate treatment and request for home confinement as a civil rights action in lieu of dismissal, that claim would nonetheless be subject to dismissal because: (a) petitioner fails to allege in his moving papers that officials at FMC Devens, or the Bureau of Prisons more generally, have violated his federal constitutional or statutory rights; (b) petitioner has failed to exhaust administrative remedies, as provided for by 28 C.F.R. § 542.10, *et seq.*, and mandated by the PLRA; and (c) only the Bureau of Prisons has authority to designate that petitioner serve his sentence in home confinement.  In the alternative, respondent is entitled to summary judgment because petitioner has received competent, professional, and able medical treatment and care at FMC Devens, which falls well short of amounting to deliberate indifference to his medical needs as required to establish a violation of the Eighth Amendment.

### A.    Petitioner Does Not Allege the Deprivation of Federal Statutory or Constitutional Rights

In <u>Bivens</u> v. <u>Six Unknown Named Agents of Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized a damages action against individuals acting under color of federal law who violate a claimant's federal statutory or constitutional rights.  A claimant may also seek injunctive relief via a <u>Bivens</u> action.  <u>See</u> <u>Kane</u>, 319 F. Supp.2d at 213.  At an irreducible minimum, however, a claimant must allege the deprivation of a federal statutory or constitutional right.  <u>See</u> <u>Heinrich ex rel. Heinrich</u> v. <u>Sweet</u>, 62 F. Supp.2d 282, 312 (D. Mass. 1999) (dismissal

appropriate in <u>Bivens</u> action if, *inter alia*, the complaint fails to allege a violation of a statutory or constitutional right).

Petitioner has not alleged the deprivation of a federal statutory or constitutional right in his moving papers.  He does not contend that his sentence was imposed in violation of federal law or the Constitution, that the court lacked jurisdiction to impose the sentence, that his sentence exceeds the maximum authorized by law, or that the Bureau of Prisons lacks the authority to choose the facility in which he will serve his term of imprisonment.  Nor does he allege that the treatment provided to him by the Bureau of Prisons is so deficient as to violate his due process or Eighth Amendment rights.

To be sure, petitioner does allege that he "qualifies for extraordinary and compelling relief" that warrants his release to home detention on account of his medical condition, citing to U.S.S.G. 5.H1.4.  Petition at 3.  But the claim that one *qualifies* for a discretionary downward departure under the Sentencing Guidelines is a far cry from an assertion that one has been *deprived* of a federal statutory or constitutional right because that request has yet to be granted. This is particularly so given that the determination whether to grant a downward departure is a matter vested in the sound discretion of the trial court -- and, indeed, is not generally subject to appellate review, <u>see</u> <u>United States</u> v. <u>LeBlanc</u>, 24 F.3d 340, 348 (1st Cir.), <u>cert. denied</u>, 513 U.S. 836 (1994) -- and the determination where to place an inmate is vested in the sound discretion of the Bureau of Prisons.  <u>See</u> 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.").  Accordingly, even were this Court to treat petitioner's first claim for relief as a <u>Bivens</u> claim, it must be dismissed for failure to allege the deprivation of a federal statutory or constitutional right.

### B.     Petitioner Has Failed to Exhaust Administrative Remedies

Petitioner's first claim for relief also must be dismissed for failure to exhaust administrative remedies. Prisoners are ordinarily required to exhaust the administrative remedies set forth in the Bureau of Prison's grievance procedure regulations, 28 C.F.R. §§ 542.10-16, prior to filing a civil rights or other action against the Bureau. See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[F]ederal prisoners suing under Bivens must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."). This result is required by the PLRA, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[2] This exhaustion requirement has no "futility" exception. See Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

The Bureau of Prisons administrative remedy procedure is set out at 28 C.F.R. §542.10, *et seq.*, and provides formal review of any complaint which relates to any aspect of the inmate's confinement. Under this process, inmates are encouraged to first attempt resolution of their

---

[2]   The decision in Monahan v. Winn, 276 F. Supp.2d 196, 204 (D. Mass. 2003), which holds that the PLRA's exhaustion requirement does not apply to habeas petitions under § 2241, is not to the contrary, as that case did not involve the applicability of the PLRA's exhaustion requirement in the context of a Bivens claim. Moreover, even under § 2241, there remains a judicially-created exhaustion requirement. See Rogers v. United States, 180 F.3d 349, 357 (1st Cir. 1999) ("Once administrative remedies under the Bureau of Prison's Administrative Remedies Program are exhausted, see 28 C.F.R. §§ 542.10-542.16, prisoners may then seek judicial review of the request for designation by filing a habeas petition under 28 U.S.C. § 2241."), cert. denied, 528 U.S. 1126 (2000).

complaints informally by discussing the matter with Bureau of Prisons staff.  See 28 C.F.R. §

542.13.  If the matter is not able to be resolved through informal resolution, or if the inmate

chooses to forego informal resolution, the inmate may file a formal complaint, known as an

Administrative Remedy Request, with the Warden of the facility within twenty calendar days of

the date that the basis of the complaint occurred.  Id. §542.14(a).  If the inmate is not satisfied

with the Warden's response, the inmate may file an appeal with the Regional Director within 20

calendar days of the date the Warden signed the response.  Id. § 542.15(a).  Such appeal must be

accompanied by one complete copy or duplicate copy of the institution Report and response.  Id.

§ 541.15(b).  Finally, if the inmate is dissatisfied with the Regional Director's response, the

inmate may appeal that decision to the General Counsel of the Bureau of Prisons within 30

calendar days from the date the Regional Directors signed the response.  Id. 542.15(a).  Such

appeal must be accompanied by one complete copy or duplicate original of the institution and

regional filings and their responses.  Id. § 541.15(b).

     The requirement that inmates exhaust their administrative remedies prior to seeking

judicial relief serves three purposes: (1) allowing the appropriate agency to develop a factual

record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief

requested conserves judicial resources; and (3) providing agencies the opportunity to correct their

own errors fosters administrative autonomy.  See Moscato v. Federal Bureau of Prisons, 98 F.3d

757, 761-62 (3d Cir. 1996).

     In this case, on or about November 12, 2003, petitioner submitted an Inmate Request to

Staff to a Social Worker at FMC Devens requesting a  compassionate release so that he could

obtain a kidney transplant.  See Declaration of Ann H. Zgrodnik ("Zgrodnik Decl."), Exhibit C.

-11-

On or about December 15, 2003, the request for compassionate release was denied. Id. Petitioner was provided with several reasons for the denial; specifically (1) that he had already received one kidney transplant, which had failed due to petitioner's lifestyle choices; (2) petitioner's past criminal activity and drug involvement, and the possibility that he could engage in future criminal acts; (3) that it was known at the time of sentencing that petitioner had chronic illnesses which likely would not improve during incarceration; and (4) that petitioner was receiving appropriate medical care at FMC Devens. Id. Petitioner was informed that if he did not agree with this decision, he "may appeal through the Administrative Remedy procedure by filing a formal written complaint on the appropriate form within twenty (20) calendar days of receipt of this letter." Id.

On or about December 29, 2003, petitioner submitted a Regional Administrative Remedy, in which he requests a compassionate release due to being a possible candidate for a renal transplant Appeal. See id. ¶ 4 & Exhibit D. On January 30, 2004, the Regional Director denied the appeal, explaining that petitioner has a history of end-stage renal disease on peritoneal dialysis, that he had had a kidney transplant nine years, that he was currently being evaluated for a renal transplant, and that he was receiving appropriate medical treatment consistent with community standards. Id.

On or about March 1, 2004, petitioner filed a Central Office Administrative Remedy Appeal, Case Number 320883-A1, to the Bureau of Prisons' Central Office in Washington, D.C, Id. ¶ 5 & Exhibit E. The administrative remedy appeal was rejected by Central Office, however, for failing to provide a copy of his institution administrative remedy request form (BP-9) or a copy of the response from the Warden, as required by 28 C.F.R. § 542.15(b). See Zgrodnik Decl.

¶ 5.  Petitioner was informed that he could resubmit his appeal in proper form within 15 days of the date of the rejection notice.  Id. ¶ 5.  The record indicates that petitioner never resubmitted his appeal with the Central Office of the Federal Bureau of Prisons.  Id.

Accordingly, because petitioner failed to file a properly documented appeal to the General Counsel of the Bureau of Prisons, and thereby failed to exhaust each stage of the administrative remedy system, his first claim for relief should be dismissed for failure to exhaust administrative remedies.  See Cardona v. Winn, 170 F. Supp.2d 131, 131-32 (D. Mass. 2001) (dismissing § 2241 petition, in which an inmate sought a furlough from prison to receive a kidney transplant, for failure to exhaust administrative remedies under 28 C.F.R. §§ 542.10-16); Quinn v. Menifee, No. 99-CIV-3621 (JGK), 2000 WL 680360, ** 2-3 (S.D.N.Y. 2000) (dismissing § 2241 petition, in which an inmate sought a transfer of his custody to a state corrections department so that he could receive a kidney transplant, for failure to exhaust administrative remedies under 28 C.F.R. §§ 542.10-16).

### C.    Only the Bureau of Prisons Has Authority to Designate that Petitioner Serve his Sentence in Home Confinement

Even if petitioner were able to overcome these obstacles, this Court may not entertain his request that he be placed in home confinement.  The Bureau of Prisons has been vested by Congress with the discretionary authority to choose the facility in which inmates will serve the time of their imprisonment.  See 18 U.S.C. § 3621(b); Thye v. United States, 109 F.3d 127, 130 (2d Cir. 1997) ("Decisions to place a convicted defendant within a particular treatment program or a particular facility are decisions within the sole discretion of the Bureau of Prisons."); United States v. Bakeas, 987 F. Supp. 44, 49 n.7 (D. Mass. 1997) ("Whether a sentencing court can

consider the conditions of confinement in imposing sentence, and shape the sentence accordingly, is a different issue from whether it can direct the Bureau of Prisons where to carry out the sentence. The former involves the proper exercise of judicial discretion, the latter would involve judicial encroachment on executive discretion.") (citing § 3621(b)).  In this case, the Bureau of Prisons has exercised its discretion under § 3621(b) and has placed petitioner in FMC Devens.  This Court therefore lacks jurisdiction to order that he be placed in home confinement.[3]

> To be sure, 18 U.S.C. § 3524(c) provides that:
>
> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.  The authority provided by this subsection may be used to place a prisoner in home confinement.

But that statute has no bearing on this case because petitioner is not scheduled to be released until September 11, 2008, and his pre-release preparation date therefore is March 11, 2004.  See Zgrodnick Decl. Exhibit B.  And, in any event, the First Circuit has recently described that statute as "reflect[ing] Congress's intent to impose upon the agency a duty to prepare prisoners for reentry into the community, *without tying the hands of administrators in deciding where prisoners are to be placed.*"  Goldings v. Winn, — F.3d —, 2004 WL 2005626, *5 (1st Cir. Sept. 3, 2004) (emphasis added).

This conclusion is bolstered by a consideration of 18 U.S.C. § 3582(c), which governs the authority of the sentencing court in situations in which an inmate wishes to modify a sentence

---

[3]  We note that, in United States v. Cintron-Fernandez, 356 F.3d 340, 347 n.7 (1st Cir. 2004), the First Circuit expressly reserved the question whether home confinement could ever qualify as a "penal or correctional" facility which the Bureau of Prisons may designate as a "place of imprisonment" under § 3621(b).

including, *inter alia*, to be placed in home confinement.  That statute provides that the sentencing court may modify a sentence in three limited circumstances: (1) on motion of the Bureau of Prisons; (2) when the sentence was based on a guideline range that has since been lowered; and (3) when the court is so authorized by Fed. R. Crim. P. 35.  <u>See</u> 18 U.S.C. § 3582(c).  None of three circumstances identified in § 3582(c) are present in this case.  Consequently, the sentencing court -- the United States District Court for the Middle District of North Carolina -- would also lack jurisdiction to entertain petitioner's request that he be placed in home confinement absent a motion for such relief brought by the Bureau of Prisons, or a change in the relevant Sentencing Guidelines.  <u>See</u> <u>United States</u> v. <u>Clark</u>, 8 F. Supp.2d 560, 560-62 (W.D. Va. 1998) (court lacked jurisdiction to modify defendant's sentence and place him in home confinement due to his extremely poor health because none of factors identified in § 3582(c) were applicable); <u>Caldwell</u> v. <u>United States</u>, 992 F. Supp. 363, 365-66 (S.D.N.Y. 1998) (court lacked jurisdiction to modify defendant's sentence and place him in home confinement after defendant was diagnosed with leukemia because none of factors identified in § 3582(c) were applicable).

### D.    <u>In the Alternative, Respondent is Entitled To Summary Judgment</u>

Finally, even if this Court were to liberally construe the allegations in petitioner's motion as alleging that the medical treatment that he has received violates the Constitution, respondent would nonetheless be entitled to summary judgment on that claim because petitioner cannot show that such treatment constitutes deliberate indifference to his medical needs as required to establish a violation of the Eighth Amendment.

To establish a violation of the Eighth Amendment, petitioner would have to show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."

Estelle v. Gamble, 429 U.S. 97, 106 (1976).  "Deliberate indifference" means that the acts or omissions constituted "an unnecessary and wanton infliction of pain" or were 'repugnant to the conscience of mankind." Id. at 105-06.  In this case, far from evincing deliberate indifference to petitioner's medical needs, the treatment he has received at FMC Devens has been competent, professional, and able.

As described in the Declaration of Sandra L. Howard, M.D. ("Howard Decl."),[4] the Clinical Director at FMC Devens, petitioner has a clinical history of substance abuse, Hepatitis C, hypertension, remote seizures, tertiary hyperparathyroidism, statuspost parathyroidectormy in 1992, and end stage renal disease for which he receives dialysis.  See Howard Decl. ¶ 4. Petitioner received a kidney transplant in 1993.  Id.  Petitioner was transferred to FMC Devens on July 25, 2001.  Id.  Since his arrival at FMC Devens, petitioner has been followed by a contract nephrologist, staff physicians, and mid-level practitioners.  Id. ¶ 5.

From July 2001 through September 2003, petitioner received hemodialysis three times a week, and was seen regularly by a nephrologist.  Id.  While receiving hemodialysis, petitioner received monthly laboratories and his medications were adjusted according to clinical findings. Id.  At petitioner's request, and because of multiple access revisions, hemodialysis was discontinued and peritoneal dialysis[5] treatment was started after his catheter was placed on

---

[4]  Doctor Howard's declaration was executed on August 23, 2004; she is not scheduled to return to the office until September 20, 2004.  Her declaration therefore does not address the medical issues raised in petitioner's reply to the respondent's motion for an extension of time.  If the Court so desires, respondent will provide the Court with a supplemental declaration from Doctor Howard addressing these issues upon her return.

[5]  Peritoneal dialysis is performed via a catheter under the lining of the abdomen that exchanges fluids to remove soluable substances.  Id. ¶ 7 n.1.

September 18, 2003.  Id ¶ 7.  Petitioner self administers peritoneal dialysis daily and is monitored

monthly by a contract nephrologist. Id.  Petitioner continues to receive monthly laboratories and

his medications are adjusted according to the clinical findings.  Id.  Petitioner also has been seen

by a hepatologist specialist at the University of Massachusetts Medical Center for evaluation and

treatment of his chronic active Hepatitis C, id. ¶ 6, and by an oncologist/hematologist because of

severe neutropenia (low white blood count), mild thromobocytopenia (low platelets), and

anemia, which resulted in a bone marrow biopsy and aspiration.  Id. ¶¶ 8, 10.  Petitioner's blood

count continues to be monitored on a monthly basis and is currently stable.  Id. ¶ 10.

     While at FMC Devens, petitioner has had multiple access sites that have been revised and

declotted.  Id. ¶ 11.  Petitioner's medical records reveal that this had been an on-going problem

prior to him being incarcerated with the Bureau of Prisons.  Id.  On April 2, 2004, petitioner was

evaluated by a vascular surgeon to determine if there were any future vascular access sites that

could be used for dialysis.  Id. ¶ 9. The vascular surgeon noted that an ultrasound revealed a

patent and large caliber basilic vein which could be used for hemodialysis, although the site

would require close monitoring and numerous re-interventions to maintain patency.  Id.  Thus, in

the case of a medical emergency, including if petitioner was no longer able to receive dialysis

through peritoneal dialysis, he has a vascular site that could be accessed by specialized vascular

surgeons at the University of Massachusetts Memorial Medical Center.  Id. ¶¶ 9, 15.

     While Petitioner has been at FMC Devens he has had an ongoing pre-renal evaluation

which has included a hematology/oncology evaluation, a hepatology evaluation, and evaluation

by a nephrologist, social worker, and psychologists.  Id. ¶¶ 13.  On August 17, 2004, pursuant to

Bureau of Prisons Program Statement 6000.05, Health Services Manual, Chapter VI, § 21, Dr.

Howard, the Clinical Director at FMC Devens, referred petitioner's medical, surgical and psychiatric documentation to the Medical Director of the Federal Bureau of Prisons for elective cadaver kidney transplant consideration. Id. ¶ 14. This documentation will be evaluated by the Organ Transplant Committee at the Bureau of Prisons's Central Office. Id. If the Medical Director Determines that organ transplantation is medically indicated, Petitioner will be referred to the transplant team at the University of Massachusetts in accordance with Bureau policy, transplant center regulations, and state and federal laws. Id. Petitioner remains a candidate for kidney transplantation while serving his federal sentence in the custody of the Bureau of Prisons. Id. ¶ 15.

In sum, petitioner's renal disease is monitored regularly by a contract nephrologist and other medical professionals, and his medications adjusted accordingly; he has been referred for specialized medical care to medical professionals outside FMC Devens to treat specific conditions; he was seen by a vascular surgeon who identified a vascular site that could be accessed by specialized vascular surgeons at the University of Massachusetts Memorial Medical Center in the case of a medical emergency; and he has been referred by Doctor Howard for elective cadaver kidney transplant consideration, and remains a candidate for kidney transplantation while serving his federal sentence in the custody of the Bureau of Prisons. These undisputed facts reveal that the medical treatment and care petitioner has received at FMC Devens has been competent, professional, and able, and is the very antithesis of deliberate indifference necessary to establish a violation of the Eighth Amendment.

Indeed, petitioner appears to expressly disavow any claim that respondent has been deliberately indifferent to his medical needs, stating that he "is not discounting the medical

treatment at FMC Devens. *They have kept him alive.* His only 'argument' is the policy of the BOP in not providing organs and/or waiting until the end of the site circuit before placing one on an argument list." Petition at 7 n.3 (emphasis added). But a disagreement as to the appropriate course of medical treatment does not give rise to an Eighth Amendment violation because "the right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981). See also Dias v. Vose, 865 F. Supp. 53, 58 (D. Mass. 1994) ("While Dias might have preferred a different course of treatment than the one chosen by Dr. Cohen, frustration of a prisoner's treatment wishes is not a matter of constitutional concern") (citing Layne).

Accordingly, even if this Court were to liberally construe petitioner's motion as alleging a violation of the Eighth Amendment, respondent is entitled to summary judgment on this claim because the undisputed record reveals no evidence that officials at FMC Devens, or the Bureau of Prisons more generally, have been deliberately indifferent to petitioner's medical needs.

## III.  PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM CAN ONLY BE BROUGHT UNDER 28 U.S.C. § 2255 AND IN THE DISTRICT WHERE HE WAS SENTENCED

Petitioner alternative claim for relief, which he styles as "Argument II," contends that he is entitled to habeas relief because his counsel was ineffective by allegedly failing to bring his medical condition to the attention of the sentencing court. See Petition at 10-11. That claim, too, must be dismissed.

It is a well-established principle that a claim of ineffective assistance of counsel is properly brought in a habeas petition pursuant to 28 U.S.C. § 2255 -- not § 2241 -- insofar as such a claim challenges the very imposition of a sentence, rather than the manner, location, or

duration of the sentence.  See Gonzalez v. United States, 150 F. Supp.2d 236, 242 (D. Mass.

2001) (citing United States v. Perez-Carrera, 243 F.3d 42, 45 (1st Cir. 2001); and United States

v. Osorio-Pena, 247 F.3d 14 (1st Cir. 2001)).  It also is settled that petitioner a § 2255 habeas

must be brought in the sentencing court or, in the case of second or successive petitions, in the

appropriate Court of Appeals.  See 28 U.S.C. § 2255.  Here, because petitioner was sentenced in

the Middle District of North Carolina, it is only that court, or the Fourth Circuit, in the case of a

second or successive § 2255 petition, that has jurisdiction to hear petitioner's ineffective

assistance of counsel claim.

**CONCLUSION**

Respondent is sensitive to the concerns raised regarding petitioner's medical condition,

and has provided him, and continues to provide him with, competent, professional, and able

medical care.  Nonetheless, because this Court lacks jurisdiction over petitioner's request for

habeas relief, petitioner's motion should be dismissed.  In the alternative, respondent is entitled

to summary judgment as to petitioner's first claim for relief.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ electronic signature
MARK T. QUINLIVAN
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3606

Dated: September 15, 2004

-20-

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the

foregoing document by depositing in the United States mail a copy of same in an envelope

bearing sufficient postage for delivery:

Gene Latreace Mangum
20154-057
FMC - Devens
42 Patton Drive
Ayer, MA 01432

This 15th day of September 2004.


  /s/ electronic signature
MARK T. QUINLIVAN
Assistant United States Attorney