IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA, )
    Plaintiff, )
)
vs. )  DOCKET NO. # 1:99CR336
)
GENE LATREACE MANGUM, )
    Defendant. )



## MOTION FOR DOWNWARD DEPARTURE AND PLACEMENT OF THE DEFENDANT ON HOME CONFINEMENT DUE TO HIS MEDICAL CONDITION

NOW COMES, GENE LATREACE MANGUM, DEFENDANT (defendant), pro-se, moves this Honorable Court for the Appropriate Downward Departure and/or placement on Home Confinement, so that defendant can obtain the necessary medical treat-
he needs (A Kidney Transplant).

**GROUNDS THEREOF:**

1. At the defendant's sentencing hearing, neither his attorney, John A. Dusenbury, Jr. or the Court deal with his serious medical problem, Renal Fail-
Nor did defendant's attorney request testimony from a Renal Specialist (Nephrologist) or any other medical person familiar with Renal Failure.

2. The Prosecutor, L. Patrick Auld, led the court to believe that the defendant would receive the proper medical treatment for his condition. In the Bureau of Prison does not provide Kidney Transplants

3. The only way the defendant can save his life is to receive a Kidney Transplant. But he must return to his home state of North Carolina to apply for a transplant and be able to be on the transplant donors list

The Defendant should be granted a Sentence Downward Departure pursuant to THE UNITED STATES SENTENCING GUIDELINE (U.S.S.G.), §5K2.0 based on Extraordinary Circumstances as well as medical reasons

Also, under U.S.S.G. 5H1.4:

> ".....However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g. in the case of a serious infirm defendant, home detention may be as efficient as, and less costly than imprisonment."

Such a departure is not limited to physical impairments so severe as to warrant a non-custodial sentence--an impairment may be extraordinary, yet warrant a reduction rather than elimination of the imprisonment term. **UNITED STATES v. SLATER,** 971 F. 2d 626, 634-635 (10th Cir. 1992). A number of circumstances can be considered for such a departure, not just whether the Bureau of Prisons (BOP) can accommodate a defendant's disability. **UNITED STATES v. MARTINEZ-GUERRERO,** 987 F. 2d 618, 620-21 (9th Cir. 1993)

In **KOON v. UNITED STATES**, 116 S. Ct. 2035 (1996), the Supreme Court held that an appellate court must resolve the issue of whether a sentencing court abused its discretion to depart from the Guidelines. Further, whether a given factor is present to a degree not adequately considered by the Commission, or whether a discouraged factor nonetheless justifies departure because it is present in some unusual or exceptional way, are matters determined in large part by comparison with the case facts to other Guidelines cases, and the Guidelines place essentially no limit on the number of potential factors that may warrant departure.

Under 5K2.0:

> "Grounds for Departure" under the Guidelines, states in relevant or circumstances, differs signigicantly from the 'heartland' cases covered by the guidelines in a way that is important to the statutory purpose of sentencing even though none of the characteristics or circumstances individually distinguishes the case. However, the Commission believes that such cases will be extremely rare."

Appellant's case fact pattern is not within the 'heartland' of cases regulated by the guideline. It was held in **UNITED STATES v. RESTREPPO**, 999 F 2d. 640, 644 (2nd Cir. 1993) that a departure is proper:

> "...based on a characteristic that is not ordinarily

2

relevant where the consequences of that characteristic were present to an extreme outside the 'heartland' of cases....."

Sentence guidelines policy statements, inasmuch as they are issued by the Commission itself, give a strong indication of what the Commission has, in fact considered. See; UNITED STATES v. JOHNSON, 964 F. 2d 124, 128 (2nd Cir. 1992)

Defendant submits that Downward Departures have been reconized for cumstnaces such as the Drug Rehabilitation in Prison while a person was in prison. See; UNITED STATES v. COTTO, 979 F. 2d. 921 (2nd Cir. 1992); UNITED STATES v. MAIER, 975 F. 2d. 944 (2nd Cir. 1992). Downward Departures are permitted based on such subjective factors as the youthful and fragile appearance of the defendant, and the vulnerability of a defendant in prison. UNITED STATES v. GONZALEZ, 945 F. 2d 599 (2nd Cir. 1990)

> "Under 18 U.S.C. §3553(b) the sentencing court may impose a sentence outside the range established be the applicable guideline, if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described Circumstances that may warrant departure from the guidelines pursuant to this provision cannot by their very nature, be comprehensively listed and analyzed in advance."
>
> "An offender characteristic or other circumstance that is not ordinarily relevant to a departure from the applicable guideline range may be relevant to his determination if such characteristic or circumstance is present to an unusal degree and distinguishes the case from the heartland' cases covered by the staturtory purpose of sentencing."
>
> U.S.S.G. §5K2.0 comment. States with regard to the above:
>
> "The last paragraph of this policy statement sets forth the condition under which an offender characteristic or other circumstances that is not ordinarily relevant to a departure from the applicable guideline range may be relevant to this determination. The Commission does not foreclose the possibility of an extraordinary case that, because of a combination of such characteristices."

3

The defendant respectfully submits that the aforesaid individual factors and combination of said factors are a ground for departure under the guide lines. It was held in **UNITED STATES v. BRODERSON, 67 F. 3d. 452 (2nd Cir. 1995),** that pursuant to the amended Commentary to U.S.S.G. §5K2.0, effective November 1, 1994, a combination of circumstances or characteristics may warrant a departure even though none individually warrent's a departure

The defendant's present condition does not compliment any objection that the Government might provide in this regard, as it is clear that the medical facilities in this instance have failed to fulfill their legal obligation and treatment needs of the defendant. See; **BARRON v. KOEHANE, 216 F. 3d 692 (8th Cir. 2000).**

Home Confinement in this case is appropriate because there are no reported cases where there has been governmental misconduct of this nature, where the medical condition of a defendant while awaiting sentence has been permitted to be harmed in such a manner that (1) the life expectancy of the defendant is reduced to normal limits which could have been expected had the defendant been given a Kidney Transplant (2) a day to day basis where death could happen at anytime, and (3) the loss of defendant's ability to have a reasonable normal life which has been denied to the defendant

Additionally, the Bureau of Prisons cannot be trusted to provide appropriate care and treatment of the defenant as the Bureau of Prisons does not provide Organ Transplants, and continued dialysis treatment destroys the defendant's ability to have a transplant which is needed to make the defendant a whole person

Wherefore, the defendant ask this court for a downward departure and/or Home Confinement, so that he can obtain a much needed Kidney Transplant

Respectfully submitted,

Dated: 12/27/01               4               Gene Latreace Mangum

## CERTIFICATE OF SERVICE

I, Gene Latreace Mangum, certify that on this 27th day of December, 2001, I mailed a copy of this document and all attachments via First Clase Mail to the following parities at the addresses listed below:

    Clerk of the Court    (2 copies)
    United States District Court
    Middle District of North Carolina
    P. O. Box 2708
    Greenboro, NC 27402-2708

    L. Patrick Auld, Esq.    (1 copy)
    Assistant U. S. Attorney
    P. O. Box 1858
    Greenboro, NC 27402-1858

I certify that this document was given to on this 27th day of December, 2001 for forwarding to the United States District Court for the Middle District of North Carolina. I further certify under penalty of perjury that the forgoing is true and correct

    Respectfully submitted.

    *Gene L. Mangum*

    Gene Latreace Mangum, pro-se
    Reg. No.# 20154-057
    P. O. Box 879
    Ayer, MA. 01432

12/27/01