IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED MAY 26 2004
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By _____

| | |
|---|---|
| Gene Latreace Mangum<br>Petitioner<br>Pro-Se<br><br>vs<br><br>United States of America<br>Respondent | Cr. No. 1:99CR356-1<br><br>Civ. No. 1:04CV00471 |

MOTION FOR A CERTIFICATE
OF HABEAS CORPUS TO ISSUE PURSUANT
TO 28 USC 2241, 2244

AND NOW, appearing before this Court, is Gene Latreace MANGUM, be he hereinafter known and referred to as the Petitioner, currently at bench in Pro-Se.

Petitioner avers the below and ongoing information to support this motion now before the Court.

-A-

JURISDICTION

The Court is vested with jurisdiction, as found in **Title 28 USC 2241**.

Petitioner cannot avail himself to the Court, pursuant to the Post Conviction Remedies provided by **28 USC 2255** in that he is forbidden by the Gatekeeping Clause of the ADEPA, enacted in April of 1996.

-B-

BRIEF SUMMARY OF CRIMINAL CASE

On or about September 10, 1999, the Petitioner was arrested

subsequent to a search warrant

Removed from the residence was 215.3 grams of marijuana and 0.6 grams of heroin, and a .32 caliber Smith and Wesson Revolver, Serial Number 706220

With the drug law violations being dismissed, your Petitioner in June of 2000, was sentenced to 120 months total confinement, subject to the firearms charges.

-C-

## STATEMENT OF MATTERS COMPLAINED OF

1. Petitioner suffers from the total loss of kidney function requiring dialysis seven (7) days per week, eight (8) hours per day.

2. Petitioner's last site should be expended within one (1) year, thus without an organ transplant, will result in his death

3. Petitioner has been told by the Federal Bureau of Prisons (BOP) as of April of 2004, he has been placed on a "donor list". The length of time for a free person to gain a kidney is four (4) to seven (7) years. The length of time for a prison inmate is far longer

4. Petitioner meets the requirements of a "terminal illness", thus pulling the trigger on the extraordinary and compelling reasons to modify his sentence to provide for home detention

-D-

## SUMMARY OF PETITIONER'S ARGUMENTS

1. Petitioner, who is currently in use of his last site for kidney dialysis, qualifies for extraordinary and compelling relief

pursuant to U.S.S.G., Title 18 USC 5H1.4 in that he suffers from a terminal illness that is untreatable at the Federal Medical Center at Devens in that a prompt transplant is not available to him while incarcerated.

If released to home detention, your Petitioner would readily avail himself to every donor site available to him in order to sustain life.

2. Counsel was ineffective at sentencing for his failure to bring a 5H1.4 argument to the Court. Your Petitioner herein will satisfy the two-prong "Strickland Test".

-E-
## PETITIONER'S KIDNEY FAILURE

Petitioner was born in New York City on May 23, 1966. By the age of fourteen 14) years, he began to suffer extremely high blood pressure which soon resulted in partial kidney failure.

By 1991, Petitioner was, due to complete kidney failure, placed on dialysis, at which time he had his name placed on at least five (5) donor lists. Three years later, in 1994, he received a donor organ which functioned

Sometime in 1994, your Petitioner, being in North Carolina was stopped by the Police, being suspected of possessing illegal drugs.

No drugs were found; no arrest was made, however, Petitioner was severely beaten by the inquiring officers. In November of 1994, the donor kidney failed, thus reintroducing him to dialysis. In 1999, Petitioner was sentenced to prison, where he remains on dialysis, and on his last entry site for recovery of waste fluids.

DEFINITION OF A SITE

DURABILITY OF A SITE

AVAILABILITY OF SITES

FREQUENCY OF TREATMENT

removing an average of five (5) pounds of waste from his that his kidneys have rejected.

### -J-
### DEFINITION OF LAST SITE

The final site for dialysis is known as Peritoneal Dialysis This is a surgical procedure wherein a line is placed directly to the stomach, where the dialysis machine affixes to

The most common mode of succumbing to death wile on this type of dialysis is an infection known as Peritonitis, which attacks the surgical procedure, causing a serious infection. During the time of the infection, dialysis cannot be perfected

To date, Petitioner has suffered twice from Peritonitis, and, as of this writing, is being evaluated for yet a third infection.

### -K-
### IF TREATMENT WERE TO END

Sometime, someday, and becoming closer with each passing day your Petitioner's last available site will no longer accept the dialysis machine.[1]  At this time, unless a transplant is undergone, he will die a very unpleasant and painful death.

Petitioner's body will become engulfed in internal body waste, causing bloating, serious fluid weight gain, and terminal infections

In order to prolong life, his legs would first be amputated to the groin, followed by both arms, then, of course, followed by a horrible death.

[1] Currently, your Petitioner is suffering infections in his last remaining site. The infection is treated with antibiotics, however, cleansing cannot occur when the infection is on-going. This, too, is commonplace.

(5)

-L-

## AVAILABILITY OF A DONOR KIDNEY

Currently, the waiting list for a donor in the free world is four (4) to seven (7) years. An inmate of a prison is, of course, the least favorable candidate for a donor kidney.

The Bureau of Prisons (BOP) informed your Petitioner in the first week of April, 2004, that his name was being added to the cadaver list. Assuming this information is correct, in concert with the average 4-7 year wait for a free person, his death will occur at least three years prior to the availability of a donor kidney

-M-

## OBTAINING A KIDNEY AS A FREE PERSON

Petitioner, in obtaining a kidney as a free person, has been placed on multiple sites.[2/] This was the only way to sustain life, a procedure he cannot enter into while imprisoned.

-N-

## FEDERAL BUREAU OF PRISON POLICY
## REGARDING ORGAN TRANSPLANT

To the best of Petitioner's knowledge, information and belief, no-one at FMC Devens has become the recipient of an organ transplant; more specifically, a kidney transplant.

To firm this position, there is an inmate at Devens (will testify at an anticipated evidentiary hearing), who is in dire need

---

2/ As discussed, this index at "History of Prior Kidney", Petitioner was badly beaten by Police Officers, causing the loss of the donor kidney.

of a kidney transplant. The inmate has two (2) natural brothers also inmates at Devens, who provide a perfect match and have offered and so authorized by each a kidney. FMC Devens has yet to perform the surgery.

Yet another inmate is "winding down" his last site, has applied for a compassionate release, but to date, all of the required signatories have refused to provide authorization. Now, without judicial intervention, he, regretfully, will succomb to a painful death.

These are but just two of the voluminous cases at Devens of those in need of kidneys.

The BOP seems to have patchwork policy regarding transplants.[3] Recently, an inmate seeking judicial intervention with the BOP's knowledge was told as the Court was told, "We'll provide the transplant". In that matter, the organ has not been received. The inmates suffering continues.

### ARGUMENT 1

#### PETITIONER IS ENTITLED TO CONSIDERATION FOR HOME DETENTION DUE TO A TERMINAL UNTREATABLE ILLNESS

The Fourth Circuit follows the teachings of the Circuit's decision of <u>United States v Carney</u>, 895 F.2d 318 (7th Cir. 1990) In <u>Carney</u>, the Defendant requested a downward departure due to "serious operations as the result of a brain tumor". <u>See U.S.S.G.</u> <u>ZH1.4</u>. The 7th Circuit Court of Appeals, in denying the request,

---

3/ Petitioner is not discounting the medical treatment at FMC Devens. They have kept him alive. His only "argument" is the policy of the BOP in not providing organs and/or waiting until the end of the site circuit before placing one on an organ list.

wrote _inter alia_, "that absent more particularized findings, the departure would not be granted", 5H1.4, supra. However, the **Carney** Court did frame the criteria a Defendant must submit to achieve home detention for a serious medical condition. The condition must be terminal, as here, thus allowing the Court an extraordinary and compelling reason to modify a sentence in so that, as here, treatment or death would be found devoid of prison.

### ARGUMENT 2

In following this rationale, and deciding many like criminal cases, the Circuit and the District Courts have held firmly to the **Carney** Court. In **United States vs Summers**, 893 F.2d 63 (4th Cir. 1990), a criminal defendant raised the issue of age. He was 23 years of age and sought avoidance of prison for being too young and, perhaps, being assaulted, this argument was denied.

In **United States vs Jefferson**, 786 F.Supp. 1267 (N.D.W.VA. 1992), the District Court denied a 5H1.4 departure to a defendant who claimed to be suffering from a combination of medical infractions; however none, alone or in combination, were found to be life threatening illnesses

In **United States vs Deigers**, 916 F.2d 916 (4th Cir. 1990), the defendant was denied a departure for drug abuse and financial difficulty. The Court cited "drug abuse and financial difficulty may not, even under extraordinary circumstances, individually or in combination  support a downward departure.

### ARGUMENT 3

The Circuit also denied the departure for a "dependent person-

ty                    See United States v Maddox
                   United States vs Kennedy                    h
       4   wh           rug
j

   In United States vs Jones                              he
Ap              ha   Jones   wh      imed
 g      in   ity   di                      numerous  hy
  b                              to any   rmi      di
Th       dan  in United States vs Goff              4 h
99       ime  drug         howe        rmina
   In            wi h     ongoing AIDS        ny
      down    de          ubmi te    th   our   See United
States vs Depew       Supp          v         United States
vs Carr                          whi   wer   j  te
              xp              iv           nf FMC Bu
      quipp      tr   HIV   A     nma      ione   joy
none     h       gua


                    ARGUMENT 4
   Th   is          ndin    the de   dan   gr   ed th
5H1 4  ep  tur  when     determi   tha  the  amily    suf
 ng    in   l        l    hr   in   lln        See
United States vs Velez,     Supp            A         howev
in United States vs Channam,       d      h  ir         th
dep  tu    den              4    di    ep         intr du
              ing              and           la
depr     Th  two phy        ion  wer       rmi      But

see <u>United States vs Greenwood</u>, 928 F.2d 645 (4th Cir. 1991), "Loss of legs in Korean War warranted downward departure when it was evidenced (as instantly) that the interruption of medical treatment at a VA hospital would jeopardize his well being". **Also see <u>United States vs Kelly</u>**, 905 F.2d 1532 (4th Cir. 1990) "must show extreme physical impairment to impose sentence other than imprisonment". **Also <u>United States ve Niemies</u>**, 689 F.2d 688 (7th Cir. 1982) (quoting Depew at 1199).

Here, as shown by the appended medical records, Petitioner suffers a terminal, soon to be untreatable, illness, <u>i.e.</u> no kidney function. <u>Greenwood, supra.</u>

While it is true Petitioner did not become terminal in an conflict fighting for his country, it is equally true that his loss of kidney function was not prompted by a criminal act bestowed by him to the public, quite the contrary.

### Argument II

#### COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO BRING BEFORE THE COURT AT SENTENCING PETITIONER'S CRITICAL PHYSICAL CONDITION

The touchstone of ineffective counsel is analyzed under the two-part test of <u>Strickland vs Washington</u>. Here, by counsel not properly asserting Petitioner's critical physical condition, will clearly satisfy the first prong, in that Counsel's representation fell below an objective standard of reasonableness, and secondly, <u>Strickland</u>, supra. Prejudice is firmly demonstrated by a clear showing that, but for counsel failure in not bringing the factual claim of Petitioner's physical condition to the Court, there is a

showing that the result of the proceeding would have been different. **Lewis vs Witek** 927 F.Supp.1288 (1996), **United States vs Seyfert** 67 F.3d 544 (1995).

Here, at sentencing, Petitioner's right to effective assistance at this critical stage were violative of the Sixth Amendment. See **Ittah vs United States**, D. Me. (1989) 761 F.Supp. 157, in accord **Gardiner vs United States**, D. Me. (1988) 679 F.Supp. 1143

Counsel should be held ineffective for his non-acts at Petitioner's sentencing phase.

## RELIEF REQUESTED

An order entered to permit Petitioner home detention for the duration of his sentence in so that he can actively search for a donor kidney in order to sustain his life

Respectfully submitted,

*[signature]*
Gene Latreace Mangum