UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GENE LATREACE MANGUM,<br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>          Respondent. | )<br>)<br>)<br>)<br>) Case No. 04-40137-PBS<br>)<br>)<br>)<br>) |

### DECLARATION OF ANN H. ZGRODNIK

I, Ann H. Zgrodnik, hereby make the following declaration:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons, at the Federal Medical Center in Devens, Massachusetts (FMC Devens), as an Attorney Advisor. The legal office, from which I am located, is the Consolidated Legal Center - Devens. I have been employed at this position since approximately February 10, 2002.

2. As an Attorney Advisor, I have access to numerous records maintained in the ordinary course of business at FMC Devens regarding federal prisoners, including, but not limited to, documentary records, Judgment and Commitment files, and computerized records maintained on the Bureau of Prisons computerized data base, SENTRY.

3. I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program, which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to SENTRY, which maintains a record of all of the administrative remedies filed by an inmate, the dates thereof, and the dispositions. These records reflect every administrative remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal institution of the Bureau of Prisons.

3. The Bureau of Prisons has established an administrative remedy procedure whereby inmates can seek formal review of any complaint regarding any aspect of their imprisonment. Petitioner had available to him the four step procedures set forth in the BOP's Administrative Remedy Program. 28 C.F.R. § 542. The BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any

aspect of their confinement... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's Administrative Remedy Program, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. 28 C.F.R. § 54213(a). If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14(a). If the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP, within twenty calendar days of the date of the Warden signed the response. 28 C.F.R. § 542.15(a). A negative decision from the Regional Director may in turn be appealed to the General Counsel's office (in the Central Office) within thirty calendar days of the date the Regional Director signed the response. Id. No administrative remedy appeal is considered to have been fully exhausted until considered by the Bureau of Prisons' Central Office. 28 C.F.R. §§ 542.14-542.15. This Program is available to inmates confined at the FMC Devens and would include any issues surrounding home confinement or compassionate release.

4. On August 12, 2004, I ran a SENTRY search to determine if inmate Gene Mangum, Reg. No. 20154-057, had filed any administrative remedy claims under the Administrative Remedy Program in regard to the allegations in his Petition. My search revealed that on or about December 29, 2003, Petitioner submitted a Regional Administrative Remedy Appeal to the Bureau of Prisons' Regional Director in Philadelphia. A true and accurate copy of the Regional Administrative Remedy Appeal, Case Number 320883-R1, is attached hereto as **Document d**. Petitioner's Appeal was denied by the Regional Director on or about January 30, 2004. See **Document d**. In that Response, the Regional Director explained that at this time Petitioner does not require release to receive a renal transplant. It was further explained to Petitioner that he is currently being evaluated for a renal transplant. On or about March 1, 2004, Petitioner subsequently filed a Central Office Administrative Remedy Appeal, Case Number 320883-A1, to the Bureau of Prisons' Central Office in Washington, D.C. A true and accurate copy of the Administrative Remedy Generalized Retrieval for inmate Gene Mangum, Reg. No. 20154-057, is attached as **Document e**. However, the administrative remedy appeal was rejected by Central Office for failing to provide a copy of his institution administrative remedy request form (BP-9) or a copy of the response from the Warden. See **Document e**. It was explained to Petitioner that he may resubmit his appeal in proper form within15 days of the date of the rejection notice. My search also revealed that Petitioner never resubmitted his appeal with Central Office. See **Document e**. Since Petitioner's Central Office Administrative Remedy Appeal was rejected and he never resubmitted his response, Petitioner has not exhausted his administrative remedies.

5. Attached hereto please find true and correct copies of the following documents:

    a. Public Information Data Sheet for inmate Gene Mangum, Reg. No. 20154-05, dated August 26, 2004;

    b. Sentence Monitoring Computation Data for inmate Gene Mangum, Reg. No. 20154-05, dated August 26, 2004;

    c. Inmate Request To Staff dated November 12, 2003 (Request for Compassionate Release for Kidney Transplant) and Response dated December 15, 2003;

    d. Regional Administrative Remedy Appeal, Case Number 320883-R1, and Response;

    e. Administrative Remedy Generalized Retrieval for inmate Gene Mangum, Reg. No. 20154-057, dated August 26, 2004.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 2nd day of September, 2004.

Ann H. Zgrodnik
Attorney Advisor
Consolidated Legal Center - Devens

3