UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENE LATREACE MANGUM, ) | |
| ) | Civil Action No. 04-40137-PBS |
| Pro se Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, | |
| ) | |
| Respondent. ) | |

### DECLARATION OF SANDRA L. HOWARD, M.D.

I, SANDRA L. HOWARD, hereby declare and state as follows:

1    I am employed by the United States Department of Justice, Federal Bureau of Prisons as the Clinical Director, at the Federal Medical Center (FMC), Devens, Massachusetts. I have been employed in this position since February 25, 2001. I have been employed with the Federal Bureau of Prisons since January 22, 1995.

2.    As the Clinical Director, I oversee the medical care provided to inmates incarcerated at FMC Devens. This includes approximately sixty (60) inmates receiving kidney dialysis. In this capacity, I have access to records maintained in the ordinary course of business at FMC Devens. I am familiar with inmate Gene Mangum, Register Number 20154-057, the Petitioner in the above-captioned civil action. I have been advised that inmate Mangum has filed a petition for writ of habeas corpus in which he alleges that he is suffering from the total loss of kidney function requiring dialysis 7 days per week. He alleges that since his access site will be expended in one year he will die unless he is provided with a kidney transplant. He contends that he will not be able to obtain a kidney transplant while he is incarcerated. Therefore, he requests that he be released to home confinement so that he can actively search for a donor kidney in order to sustain his life.

3.    The factual information set forth in this declaration is obtained from (and summarizes) relevant pages of inmate Mangum's medical record.

4.    On June 8, 2000, inmate Mangum was sentenced in the United States District Court for the District of North Carolina to a 120-month term of imprisonment. His projected

release date is September 11, 2008. He was designated to the United States Medical Center For Prisoners (USMCFP), Springfield, Missouri on August 15, 2000. On July 25, 2001, he was transferred to FMC Devens. He has a past medical history of Substance Abuse, Hepatitis C, Hypertension, Remote Seizures, Tertiary Hyperparathyroidism, Status Post parathyroidectomy in 1992, and End Stage Renal Disease for which he was receiving dialysis. He also arrived with a history of being status post kidney transplant in 1993.

5. Since his arrival at FMC Devens, he has been followed by a contract Nephrologist, staff physicians, and mid-level practitioner's. From July, 2001 through September, 2003, inmate Mangum received hemodialysis three times per week, and was seen regularly by a Nephrologist. While he was receiving hemodialysis treatments, inmate Mangum continued to receive monthly laboratories and his medications were adjusted according to the clinical findings. A part of the monthly evaluation includes a urea reduction ratio (URR). This represents the percentage of the blood being cleaned with dialysis. Despite problems with his access site, inmate Mangum's urea reduction ratio (URR) in August, 2003 was maintained at 73 percent. A value above 65 is considered excellent.

6. On September 25, 2002, inmate Mangum was seen by a Hepatologist Specialist at the University of Massachusetts Memorial Medical Center for an evaluation and treatment recommendation for his chronic active Hepatitis C. It was found that inmate Mangum was not a candidate for interferon and ribavirin treatment because interferon is contraindicated in seizure disorders, and ribavirin is contraindicated in End Stage Renal Disease.

7. At inmate Mangum's request and because of multiple access revisions, hemodialysis was discontinued and peritoneal dialysis treatment[1] was started after his catheter was placed on September 18, 2003. Inmate Mangum self administers peritoneal dialysis daily. His peritoneal dialysis is monitored monthly by a contract Nephrologist. Inmate Mangum has continued to receive monthly laboratories and his medications are adjusted according to the clinical findings. I have reviewed the consultation reports and/or peritoneal worksheets prepared for the monthly reviews from September, 2003 through August, 2004 in preparing this declaration. These reports and worksheets assist the Nephrologist with monitoring peritoneal dialysis treatment according to the laboratory tests, patient report and physical findings. Inmate Mangum is in stable condition and his peritoneal dialysis site is functioning adequately.

8. On February 17, 2004, inmate Mangum was referred to an Oncologist/Hematologist because of severe neutropenia (low white blood count), mild thromobocytopenia (low platelets) and anemia. He ordered a bone marrow biopsy and aspiration that was

---

[1] Peritoneal dialysis is performed via a catheter under the lining of the abdomen that exchanges fluids to remove soluable substances.

performed on April 13, 2004. This was an ongoing evaluation for a pre-renal transplant work up.

9. On April 2, 2004, inmate Mangum was seen by a Vascular Surgeon to evaluate him for any possible future vascular access sites that could be used for dialysis. The Vascular Surgeon noted that an ultrasound revealed a patent and large caliber basilic vein which could be used for hemodialysis. It was also noted by the Vascular Surgeon that this site would require close monitoring and numerous re-interventions to maintain patency. In the case of medical necessity, inmate Mangum does have a vascular site that could be accessed by specialized Vascular Surgeons at the University of Massachusetts Memorial Medical Center.

10. On May 11, 2004, inmate Mangum was seen for a follow up appointment with the Oncologist/Hematolgist. He was informed of the results of the evaluation in which he was diagnosed with pancytopenia (all blood cell types are low). Inmate Mangum was told that it was most probably caused by his active Hepatitis C. He further informed inmate Mangum that there was no specific treatment for his pancytopenia, except for supportive care, at this time. There was no evidence of any lymphoma or onocologic process. Inmate Mangum's blood count is monitored on a monthly basis and is currently stable.

1  While at FMC Devens, inmate Mangum has had multiple access sites that have been revised and declotted. Inmate Mangum's medical records show that this had been an on-going problem prior to him being incarcerated with the BOP. For instance, when he arrived at the USMCFP on August 15, 2000 he presented with a clotted access site. This required him to undergo a surgical procedure on August 18, 2000 to de-clot his access site.

12. Bureau of Prisons Program Statement 6000.05, Health Services Manual, Chapter VI, § 21, allows BOP clinical staff to consider organ transplantation as a treatment option for inmates under certain prescribed conditions. Pursuant to this Program Statement, if an organ transplant center considers an inmate suitable for a transplant, the institution's Clinical Director will refer all pertinent medical, surgical and psychiatric documentation to the Medical Director of the Federal Bureau of Prisons at Central Office for consideration. If the Medical Director determines that organ transplantation is medically indicated, the inmate will be referred to an appropriate transplant center in accordance with Bureau policy, transplant center regulations, and state and federal laws. The final decision as to whether an inmate will receive a kidney transplant will be made by the transplant center. A true and accurate copy of Program Statement 6000.05, Chapter 6, §21, is attached as Exhibit A.

13. Inmate Mangum has had an ongoing pre-renal evaluation while at FMC Devens which has included a hematology/oncology evaluation, and a hepatology evaluation. He was also evaluated by a Nephrologist, Social Worker, and Psychologist.

14. Pursuant to Program Statement 6000.05, Health Services Manual, as detailed above, on August 17, 2004, I referred inmate Mangum's medical, surgical and psychiatric documentation to the Medical Director of the Federal Bureau of Prisons for elective cadaver kidney transplant[2] consideration.[3] This documentation will be evaluated by the Organ Transplant Committee at the Bureau of Prisons' Central Office. The Organ Transplant Committee will issue a Finding and Report which will be provided to FMC Devens. If the Medical Director determines that organ transplantation is medically indicated, the inmate will be referred to the transplant team at the University of Massachusetts in accordance with Bureau policy, transplant center regulations, and state and federal laws.

15. The healthcare mission of the Bureau of Prisons is to provide appropriate and necessary medical, dental and mental health services to inmates by professional staff. All Bureau of Prisons institutions, to include FMC Devens, operate outpatient ambulatory care clinics which are accredited by the Joint Commission on the Accreditation of Healthcare Organizations (JCAHO), the nation's predominate standards-setting and accrediting body in health care. While at FMC Devens, inmate Mangum has been receiving appropriate medical care. He self administers peritoneal dialysis daily and is monitored regularly by a Nephrologist. We have identified an access site that could be used in an event of an emergency if inmate Mangum was no longer able to receive dialysis through peritoneal dialysis. Furthermore, inmate Mangum has neither been approved nor denied by the Bureau of Prisons for a kidney transplant, and he remains a candidate for kidney transplantation while serving his federal sentence in the custody of the Federal Bureau of Prisons.

---

[2] Inmate Mangum has not identified relatives who could donate a kidney. Therefore, he is being referred for consideration of a cadaver kidney.

[3] On or about May 14, 2004, the existing contract between the Federal of Bureau of Prisons and UMass Medical School and UMass Memorial Health Care, Inc., was modified to allow inmates to be evaluated for cadaver kidneys when there is no identified related donor.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Executed this 23rd day of August, 2004

*Sandra L. Howard, M.D.*
Clinical Director
Federal Medical Center
Devens, Massachusetts