UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GENE LATREACE MANGUM, | ) |
| Pro se Petitioner, | ) Civil Action No. 04-40137-PBS |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**RESPONDENTS' STATEMENT OF MATERIAL FACTS OF RECORD**

Pursuant to Local Rule 56.1, respondent, the United States of America, hereby provides the following statement of material facts of record as to which there is no genuine issue to be tried.

**A.   Petitioner's Conviction and Requests for Post-Conviction Relief**

1. Petitioner, Gene Latreace Mangum, was convicted in the United States District Court for the Middle District of North Carolina, pursuant to a guilty plea, for possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). See United States v. Mangum, 238 F.3d 416 , 2000 WL 1867943 (4th Cir. 2000) (Mem.). On December 21, 2000, a unanimous panel of the United States Court of Appeals for the Fourth Circuit affirmed petitioner's conviction in an unpublished opinion. Id.

2. On or about January 22, 2002, petitioner filed a "Motion for Downward Departure and Placement of the Defendant on Home Confinement Due to His Medical Condition" in the Middle District of North Carolina. See Declaration of Mark T. Quinlivan ("Quinlivan Decl."), Exhibit 1. Petitioner contended, *inter alia*, that his counsel was ineffective at sentencing by not raising the

issue of his medical condition, and that "[t]he only way the defendant can save his life is to receive a Kidney Transplant. But he must return to his home state of North Carolina to apply for a transplant and be able to be on the transplant donors [sic] list." Id., Exhibit 1, at 1.

    3. On February 18, 2003, United States District Judge Beaty denied petitioner's motion. See Order, United States v. Mangum, No. 1:99CR356-1, slip op. at 1-2 (M.D.N.C. Feb. 18, 2003) (attached as Exhibit 2 to Quinlivan Decl.). In pertinent part, Judge Beaty found that petitioner had requested post-conviction relief well after his sentencing on June 8, 2000, and subsequent to the Fourth Circuit's affirmance of petitioner's conviction, and that petitioner had failed to cite any authority that would give the court jurisdiction to grant the post-conviction relief requested. Id. slip op. at 1. Judge Beaty allowed, however, that the denial of the petitioner's request for a downward departure would have no affect upon any subject motion for habeas corpus relief brought by petitioner pursuant to 28 U.S.C. § 2255. Id. at 2 n.1.

    4. On or about May 26, 2004, petitioner filed a "Motion for a Certificate of Habeas Corpus to Issue Pursuant to 28 U.S.C. 2241, 2244" in the Middle District of North Carolina. See Quinlivan Decl., Exhibit 3. Petitioner sought an order releasing him to home confinement so that he could attempt to obtain a kidney transplant and, as in this Court. Id. at 3. Petitioner also claimed that his counsel was ineffective at sentencing for failure to argue that he was entitled to a downward departure pursuant to U.S.S.G. 5h1.4. Id. at 10-11.

    5. On May 26, 2004, United States Magistrate Judge Russell A. Eliason issued an Order and Recommendation that petitioner's motion be denied, and the action dismissed. See Order and Recommendation of United States Magistrate Judge, United States v. Mangum, No. 1:04CV00471, slip op. at 1-2 (M.D.N.C. May 26, 2004) (attached as Exhibit 4 to Quinlivan

Decl.).  Magistrate Judge Eliason found, *inter alia*, that the court had no jurisdiction to consider petitioner's motion for habeas relief, insofar as motions brought pursuant to § 2241 must be filed in the district where the prisoner is incarcerated.  Id. slip op. at 1.

6.  On July 7, 2004, Judge Beaty entered a order of Judgment in which, in the absence of a timely objection, he adopted the Magistrate Judge's Recommendation, denied petitioner's motion, and dismissed the action.  See United States v. Mangum, No. 1:04CV00471, slip op. at 1 (M.D.N.C. July 7, 2004) (attached as Exhibit 5 to Quinlivan Decl.).  Judge Beaty further denied a certificate of appealability, finding no substantial issue for appeal concerning the denial of a constitutional right affecting petitioner's conviction, nor a debatable procedural ruling.  Id.

7.  On July 13, 2004, petitioner filed the instant "Motion for a Certificate of Habeas Corpus to Issue Pursuant to 28 U.S.C. § 2241, 2244" in this Court.

  **B. Petitioner's Medical History and Treatment**

8.  Petitioner has a clinical history of substance abuse, Hepatitis C, hypertension, remote seizures, tertiary hyperparathyroidism, statuspost parathyroidectormy in 1992, and end stage renal disease for which he receives dialysis.  See Declaration of Sandra Howard, M.D. ¶ 4.

9.  Petitioner received a kidney transplant in 1993.  Id.

10.  Petitioner was transferred to the Federal Medical Center at Devens, Massachusetts ("FMC Devens") on July 25, 2001.  Id.  Since his arrival at FMC Devens, petitioner has been followed by a contract nephrologist, staff physicians, and mid-level practitioners.  Id. ¶ 5.

11.  From July 2001 through September 2003, petitioner received hemodialysis three times a week, and was seen regularly by a nephrologist.  Id.  While receiving hemodialysis,

petitioner received monthly laboratories and his medications were adjusted according to clinical findings. Id.

12. At petitioner's request, and because of multiple access revisions, hemodialysis was discontinued and peritoneal dialysis treatment was started after his catheter was placed on September 18, 2003. Id ¶ 7. Petitioner self administers peritoneal dialysis daily and is monitored monthly by a contract nephrologist. Id. Petitioner continues to receive monthly laboratories and his medications are adjusted according to the clinical findings. Id.

13. Petitioner has been seen by a hepatologist specialist at the University of Massachusetts Medical Center for evaluation and treatment of his chronic active Hepatitis C, id. ¶ 6, and by an oncologist/hematologist because of severe neutropenia (low white blood count), mild thromobocytopenia (low platelets), and anemia, which resulted in a bone marrow biopsy and aspiration. Id. ¶¶ 8, 10. Petitioner's blood count continues to be monitored on a monthly basis and is currently stable. Id. ¶ 10.

14. While at FMC Devens, petitioner has had multiple access sites that have been revised and declotted. Id. ¶ 11. Petitioner's medical records reveal that this had been an on-going problem prior to him being incarcerated with the Bureau of Prisons. Id.

15. On April 2, 2004, petitioner was evaluated by a vascular surgeon to determine if there were any future vascular access sites that could be used for dialysis. Id. ¶ 9. The vascular surgeon noted that an ultrasound revealed a patent and large caliber basilic vein which could be used for hemodialysis, although the site would require close monitoring and numerous re-interventions to maintain patency. Id. Thus, in the case of a medical emergency, including if petitioner was no longer able to receive dialysis through peritoneal dialysis, he has a vascular site

that could be accessed by specialized vascular surgeons at the University of Massachusetts Memorial Medical Center. Id. ¶¶ 9, 15.

16. While Petitioner has been at FMC Devens he has had an ongoing pre-renal evaluation which has included a hematology/oncology evaluation, a hepatology evaluation, and evaluation by a nephrologist, social worker, and psychologists. Id. ¶¶ 13.

17. On August 17, 2004, pursuant to Bureau of Prisons Program Statement 6000.05, Health Services Manual, Chapter VI, § 21, Dr. Howard, the Clinical Director at FMC Devens, referred petitioner's medical, surgical and psychiatric documentation to the Medical Director of the Federal Bureau of Prisons for elective cadaver kidney transplant consideration. Id. ¶ 14. This documentation will be evaluated by the Organ Transplant Committee at the Bureau of Prisons's Central Office. Id. If the Medical Director Determines that organ transplantation is medically indicated, Petitioner will be referred to the transplant team at the University of Massachusetts in accordance with Bureau policy, transplant center regulations, and state and federal laws. Id.

18. Petitioner remains a candidate for kidney transplantation while serving his federal sentence in the custody of the Bureau of Prisons. Id. ¶ 15.

19. Petitioner's medical treatment at FMC Devens has kept him alive. See Motion for a Certificate of Habeas Corpus to Issue Pursuant to 28 U.S.C. § 2241, 2244 at 7 n.3.

**C.     Failure to Exhaust Administrative Remedies**

20. On or about November 12, 2003, petitioner submitted an Inmate Request to Staff to a Social Worker at FMC Devens requesting a compassionate release so that he could obtain a kidney transplant. See Declaration of Ann H. Zgrodnik ("Zgrodnik Decl."), Exhibit C.

21. On or about December 15, 2003, the request for compassionate release was denied. Id. Petitioner was provided with several reasons for the denial; specifically (1) that he had already received one kidney transplant, which had failed due to petitioner's lifestyle choices; (2) petitioner's past criminal activity and drug involvement, and the possibility that he could engage in future criminal acts; (3) that it was known at the time of sentencing that petitioner had chronic illnesses which likely would not improve during incarceration; and (4) that petitioner was receiving appropriate medical care at FMC Devens. Id. Petitioner was informed that if he did not agree with this decision, he "may appeal through the Administrative Remedy procedure by filing a formal written complaint on the appropriate form within twenty (20) calendar days of receipt of this letter." Id.

22. On or about December 29, 2003, petitioner submitted a Regional Administrative Remedy, in which he requests a compassionate release due to being a possible candidate for a renal transplant Appeal. See id. ¶ 4 & Exhibit D.

23. On January 30, 2004, the Regional Director denied the appeal, explaining that petitioner has a history of end-stage renal disease on peritoneal dialysis, that he had had a kidney transplant nine years, that he was currently being evaluated for a renal transplant, and that he was receiving appropriate medical treatment consistent with community standards. Id.

24. On or about March 1, 2004, petitioner filed a Central Office Administrative Remedy Appeal, Case Number 320883-A1, to the Bureau of Prisons' Central Office in Washington, D.C, Id. ¶ 5 & Exhibit E.

25. The administrative remedy appeal was rejected by Central Office, however, for failing to provide a copy of his institution administrative remedy request form (BP-9) or a copy

of the response from the Warden, as required by 28 C.F.R. § 542.15(b).  See Zgrodnik Decl. ¶ 5. Petitioner was informed that he could resubmit his appeal in proper form within 15 days of the date of the rejection notice.  Id. ¶ 5.

26.  Petitioner did not resubmit his appeal with the Central Office of the Federal Bureau of Prisons.  Id.

                                             Respectfully submitted,

                                             MICHAEL J. SULLIVAN
                                             United States Attorney

                                       By: /s/ electronic signature
                                             MARK T. QUINLIVAN
                                             Assistant United States Attorney
                                             United States Attorney's Office
                                             John Joseph Moakley U.S. Courthouse
                                             1 Courthouse Way, Suite 9200
                                             Boston, MA  02210
                                             617-748-3606

Dated: September 15, 2004

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Gene Latreace Mangum
20154-057
FMC - Devens
42 Patton Drive
Ayer, MA 01432

This 15th day of September 2004.

    /s/ electronic signature
MARK T. QUINLIVAN
Assistant United States Attorney